IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMBER DAWN GAUCH,<br>    Petitioner,<br>v.<br>MICHAEL CARR, Warden, FMC Carswell,<br>    Respondent. | Civil Action No. 4:21-CV-752-Y |

**RESPONSE IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS**

In her petition for a writ of habeas corpus under 28 U.S.C. § 2241, Amber Dawn Gauch complains about issues regarding her underlying criminal case and sentencing. As discussed herein, Gauch fails to demonstrate that the "savings clause" of 28 U.S.C. § 2255(e) applies to allow her to seek relief under section 2241. The savings clause does not apply because Gauch fails to demonstrate that her claims rely on retroactively applicable Supreme Court cases that establish that she may have been convicted of a nonexistent offense. Additionally, as part of her plea, she waived her right to collaterally attack her plea, conviction, and sentence by means of any post-conviction proceeding. Gauch's petition should therefore be dismissed.

### I.     Background

On March 21, 2017, Gauch pleaded guilty to Count Two of the Indictment for Possession with Intent to Distribute 50 grams and more, but less than 500 grams, of a mixture and substance containing a detectable amount of Methamphetamine, a Schedule II Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(B)(viii), and 18. U.S.C. § 2, in the Northern District of Texas, Abilene Division. App. pp. 9, 17-18. At

sentencing, the court downward varied and sentenced Gauch to 144 months' imprisonment and a 5-year term of supervised release.  App. p. 25.  Gauch's plea agreement contained a waiver of right to appeal including proceedings under section 2241.  App. p. 21.

In 2018, Gauch filed a motion under 18 U.S.C. § 2255 arguing about the amount of drugs that she was held accountable for at sentencing.  App. pp. 28-34.  The court denied the motion noting that even if Gauch had been held accountable for a lower drug amount thus lowering her offense level, her sentence would still be lower than the new sentencing guideline range.  App. pp. 34.

Gauch now seeks to rehash the same kinds of arguments from her Section 2255 motion and to circumvent the requirement that she seek authorization to file a successive motion under Section 2255 by filing the instant petition under Section 2241.  Because Gauch has not demonstrated that Section 2255 is "inadequate or ineffective" to seek review of her claims, her Section 2241 petition should be dismissed.

## II.     Legal Standard

A writ of habeas corpus under 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 "are distinct mechanisms for seeking post-conviction relief."  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  Section 2255 is the proper means of attacking errors that occurred at or before sentencing.  *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997).  By contrast, section 2241 is a means of attacking the manner in which a sentence is executed (e.g., for attacking how the Federal Bureau of Prisons calculates a release date when taking into account things like presentence time in custody).  *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *United States v. Cleto*,

956 F.2d 83, 84 (5th Cir. 1992). A section 2241 petition that challenges the validity of a federal conviction and sentence, therefore, generally must either be dismissed or construed as a section 2255 motion. *Pack,* 218 F.3d at 452.

Notwithstanding this general rule, the savings clause of section 2255(e) permits the use of a section 2241 petition to challenge the validity of a sentence in certain limited circumstances. Section 2255(e) states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Hence, the Court may consider a section 2241 petition attacking a sentence's validity only if the petitioner establishes that the remedy under section 2255 is "inadequate or ineffective." *See Tolliver*, 211 F.3d at 878; *see also Pack*, 218 F.3d at 452 (explaining that the petitioner has the burden to show that the section 2255 remedy is inadequate or ineffective so as to trigger the savings clause).

The bar against filing successive section 2255 motions does not render section 2255 "inadequate or ineffective" within the meaning of the savings clause. *Tolliver*, 211 F.3d at 878. Nor does the fact that a petitioner who never filed a first section 2255 motion may now be barred from doing so by the one-year statute of limitations. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000); *Loredo v. Joslin*, No. 3:04-CV-2070-N, 2004 WL 2208124, at *1 (N.D. Tex. Oct. 1, 2004). Instead, the Fifth Circuit has held that the savings clause of section 2255(e) applies to a claim only if:

>    (1) the [§ 2241] petition raises a claim "that is based on a retroactively applicable Supreme Court decision";
>
>    (2) the claim was previously "foreclosed by circuit law at the time when [it] should have been raised in petitioner's trial, appeal or first § 2255 motion"; and
>
>    (3) that retroactively applicable decision establishes that "the petitioner may have been convicted of a nonexistent offense."

*Santillana v. Upton*, 846 F.3d 779, 782 (5th Cir. 2017) (quoting *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010) (quoting *Reyes-Requena v. United States*, 243 F.3d 893, 895 (5th Cir. 2001))) (line breaks added).[1]

When a petitioner cannot satisfy the savings clause, the proper disposition is dismissal of the section 2241 petition for lack of jurisdiction. *See Lang v. Wilson*, No. 4:16-CV-1018-O, 2018 WL 684890, at *3 (N.D. Tex. Feb. 1, 2018) (citing *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003)).

### III.   Argument and Authorities

Gauch cannot proceed under Section 2241 because she fails to establish that her claims rely on Supreme Court cases that establish that she has been convicted of a nonexistent offense. Indeed, all of her arguments relate to her sentence, not her conviction. The Fifth Circuit has said that when a petitioner "does not attack his conviction and his

---

[1] In *Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011), the Tenth Circuit held that if a section 2241 petitioner's arguments could have been tested in an initial section 2255 motion, the savings clause does not apply and a section 2241 petition is not available—even if the petitioner is relying on some previously "novel" argument of statutory interpretation that the Supreme Court had not yet approved at the time the initial section 2255 motion was due and was "foreclosed" by circuit precedent at the time. The government would urge the Court to adopt the *Prost* approach here, but the government also recognizes that the Fifth Circuit has adopted a slightly different test as set forth in *Reyes-Requena*, and that *Reyes-Requena* represents binding precedent that must be followed by the Court here. In any event, Gauch cannot show that the savings clause applies to her case under either possible test.

**Response in Opposition to Petition for Writ of Habeas Corpus – Page 4**

claims challenge only the validity of his sentence," the petition under section 2241 "does not fall within the savings clause of [Section] 2255[.]" *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005).  For this reason alone, Gauch's petition—in which she is challenging the amount of drugs she was held responsible for, and not her underlying conviction for possession with intent to distribute a controlled substance—cannot proceed under section 2241.

Gauch's specific arguments also fail to show any entitlement to relief.  Gauch relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that a statutory sentencing enhancement which increased a potential criminal penalty beyond the maximum sentence provided by the statute of conviction is to be considered an element of the crime itself and accordingly must be found beyond a reasonable doubt by a jury, and *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which expanded this principle to include any statutory provision which, by its operation, increases the mandatory *minimum* sentence.  But those cases dealt with the propriety of increasing a mandatory or minimum sentence, and they did not implicate the viability of the offense of conviction.  Moreover, Gauch herself notes neither of these cases is retroactive and even if those cases do apply to her in some unspecified way, they would only apply to her sentence, which does not bring her within the savings clause.

Additionally, Fifth Circuit precedent requires Gauch to show that her claim was "foreclosed by circuit law at the time" of her trial or first section 2255 motion.  *See Santillana*, 846 F.3d at 782.  Gauch presents no argument on this issue, and thus wholly fails to show any right to relief under section 2241.

Even if Gauch otherwise could overcome the problems with her petition, her savings clause claim cannot survive that she knowingly and voluntarily agreed to waive "the right to contest the conviction, sentence, fine and order of restitution . . . ." App. p. 21, ¶ 10.  Generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief."  *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). The appeal waiver should be enforced against Gauch to bar any section 2241 relief here.

        Respectfully submitted,

        PRERAK SHAH
        ACTING UNITED STATES ATTORNEY
        /s/ Ann E. Cruce-Haag
        ANN E. CRUCE-HAAG
        Assistant United States Attorney
        Texas Bar No. 24032102
        1205 Texas Avenue, Suite 700
        Lubbock, Texas 79401
        Telephone:   (806) 472-7351
        Facsimile:   (806) 472-7394
        Email:        ann.haag@usdoj.gov

        Attorneys for Respondent

## CERTIFICATE OF SERVICE

On August 30, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

        /s/ Ann E. Cruce-Haag
        ANN E. CRUCE-HAAG
        Assistant United States Attorney